Kingfisher County Oklahoma
F I L E D
APR 23 2021
LISA MARKUS, COURT CLERK
BY_____ DEPUTY

IN THE KINGFISHER COUNTY DISTRICT COURT
STATE OF OKLAHOMA

MICHELL J. EISCHEN, )
      Plaintiff, )
     )
vs. )   Case No. CJ-2021-39
     )
COMMUNITY NATIONAL BANK OF )
OKARCHE, )
      Defendant. )

## PETITION

Plaintiff, Michell J. Eischen, by and through her attorney, Patricia A. Podolec, for her action against Community National Bank of Okarche alleges and states as follows:

1. Plaintiff Michell J. Eischen is a citizen of the State of Oklahoma and resides in Fairview, Major County, State of Oklahoma.

2. Defendant Community National Bank of Okarche is a chartered national bank doing business in Okarche, Kingfisher County, State of Oklahoma, and Fairview, Major County, State of Oklahoma.

3. During all times relevant, Plaintiff was an employee of Community National Bank of Okarche.

4. On information and belief, all of the acts complained off occurred in Kingfisher County or Major County in the State of Oklahoma.

5. On or around May 11, 2020, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Office of Civil Rights Enforcement ("OCRE"), and Plaintiff received her Dismissal and Notice of Rights letter dated on January 26, 2021.

6. Under 51 O.S. § 163(A), venue is proper in Oklahoma County.

7. Plaintiff is an employee of the Fairview Branch of the Community National Bank of Okarche.

1

**EXHIBIT 1**

## STATEMENT OF FACTS

8. Plaintiff was born in 1971 and is currently 49 years old.

9. Plaintiff was employed by Defendant on or about September 1993 as a teller.

10. At the time she was hired, Plaintiff had a Bachelor of Science in Business Administration with a major in Finance and a minor in Accounting from Oklahoma State University.

11. During her college courses, Plaintiff took all available banking classes.

12. In or about 1995, Plaintiff became a loan administrator, and in or about 2006, she was promoted to a loan officer, earning approximately $27,841.70.

13. Currently, Plaintiff earns approximately $47,300 as a loan officer.

14. On information and belief, males that have been hired around the same time as Plaintiff, with comparable training, education, and experience, have consistently received promotions.

15. In or around 2016, Tyson Hiebert, male, under 40 years old, was hired as a loan officer.

16. Hiebert's previous position was at a seed company and prior to that he worked in the oilfield.

17. On information and belief, while Hiebert had a college degree, but the degree was not in the finance area.

18. Hiebert was invited to attend board meetings, which Plaintiff was never given that option.

19. At the time Plaintiff earned $42,455.86, and, on information and belief, Hiebert was hired at a slightly less rate of pay, even though Plaintiff had substantially more experience.

20. In or around 2018, Toby Goss, male, age 36, was hired as a loan officer at the Fairview branch at an amount approximately $10,000 higher than Plaintiff's salary.

21. Goss was presented as having over 20 years of experience and an agricultural background.

22. On information and belief, however, Goss's had a degree in Health & Physical Education, which he received in 2005.

23. Prior to coming to his present position, Goss was in charge of the fraud department at another bank, but Goss had no lending experience.

24. Prior to his first day, Goss was sent for training on lending. Plaintiff was never given that opportunity.

25. Plaintiff's training consisted of compliance and filing, where are operations duties to which most females are assigned.

26. While Plaintiff's current portfolio is similar to Goss's, Goss was given a substantial loan portfolio to start, an opportunity never provided to Plaintiff.

27. After her complaint, Plaintiff did receive a small raise of $950 per year, which brought her annual rate to $48,450.

28. Goss's pay for 2020 was almost $60,000.

29. A bank customer relayed to Plaintiff that he was not given the option to utilize Plaintiff but was told to go to Goss.

30. Since Goss's employment with Defendant, he has twice told Plaintiff that she should get back to the kitchen.

31. Goss has also been invited to board meetings, and Plaintiff was not given the same opportunity.

32. Goss has received other perks that Plaintiff has not been allowed, such as coming in late and taking longer lunches.

33. After becoming aware of the large pay discrepancy between herself and Goss, Plaintiff talked with the bank President/CEO, Chris Walta; however, Plaintiff's pay has not been substantially increased.

34. In or around January 2020, David Craig, Sr. Vice President, and Glenda Hill, Branch Manager, gave Plaintiff a performance evaluation.

35. During that meeting, Plaintiff relayed to Craig that she did not believe that she was being given the same opportunities as other males employees, including male loan officers.

36. Craig responded that Plaintiff was paid for what she does and that male customers did not want to work with women, so that Plaintiff could not advance further on the loan side of the bank.

37. Plaintiff believes this is a pretext, as she has previously worked with many male customers with no issues.

38. Plaintiff also relayed to Craig that she was being assigned the secretarial duties for the branch, which male loan officers were not required to perform, including Goss, and that she believed this also impacted her ability to increase her salary, or advance in her position.

39. Plaintiff was also assigned to handle Goss's secretarial needs.

40. Additionally, Plaintiff told Craig that she was not being given the same opportunities as male lending officers.

41. Other than the Branch Manager at the Fairview branch, Plaintiff is the only female loan officer.

42. Goss has recently resigned his position with Defendant, but Plaintiff was not assigned any of his portfolio and customers have not been given the option to ask for Plaintiff.

43. Since her complaints of discrimination, Plaintiff has been reprimanded for vague reasons, even though she has always had good performance reviews prior to her complaints.

44. Since her complaints of discrimination, Plaintiff has had many of her duties reassigned and her computer access has been limited.

45. After speaking out concerning her discriminatory treatment, Plaintiff was treated differently than her younger, male counterparts in that she was not given the opportunities that males were given to advance in her career with Defendant, nor was her pay increased to be comparable with younger male employees who were similarly-situated with Plaintiff.

### FIRST CAUSE OF ACTION: VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. § 1302 (A)(1)

46. Plaintiff hereby adopts and incorporates the previous Statement of Facts as if set forth herein.

47. Section 1302 (A)(1) of Title 25 of the Oklahoma Statutes ("OADA") prohibits discrimination based on gender and age, with respect to "compensation or the terms, conditions, privileges or responsibilities of employment[.]"

48. Defendant is an employer within the meaning of the OADA.

49. Plaintiff was treated differently based upon her gender and age with respect to her compensation and the terms, conditions, privileges, or responsibilities of employment, as alleged above.

50. After complaining, Plaintiff was retaliated against by being given fewer opportunities and perks as Goss.

51. Since Plaintiff's complaints, many of her duties have been reassigned and computer access has been limited.

52. As a result of the willful conduct of Defendant, Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of his peace of mind as a result of Defendant's unlawful conduct, a reaction that any reasonable person would have under like circumstances and has suffered adverse employment action.

53. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against the Defendant for its wrongful conduct.

### SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

54. Plaintiff hereby adopts and incorporates the previous Statement of Facts as if set forth herein.

55. Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") prohibits discrimination based upon gender and retaliation for complaining about discrimination.

56. Defendant is an employer within the meaning of Title VII.

57. Plaintiff was treated differently based upon her gender with respect to her compensation and the terms, conditions, privileges, or responsibilities of employment, as alleged above.

58. Plaintiff was told that customers did not want to work with a female loan officer and, as a result, she could not advance further.

59. After complaining, Plaintiff was retaliated against by being given fewer opportunities and perks as other male loan officers and being assigned male loan officers' clerical work.

60. As a result of the willful conduct of Defendant, Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of his peace of mind as a result of Defendant's unlawful conduct, a reaction that any reasonable person would have under like circumstances and has suffered adverse employment action.

61. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against the Defendant for its wrongful conduct.

### THIRD CAUSE OF ACTION:  VIOLATION OF THE EQUAL PAY ACT OF 1963

62. Plaintiff hereby adopts and incorporates the Statement of Facts as if set forth herein.

63. The Equal Pay Act of 1963 ("EPA") requires that males and females in the same workplace be given equal pay for equal work.

64. Defendant is an employer within the meaning of the EPA.

65. Plaintiff is paid less than at least one other loan officer in the same branch.  Both do substantially the same jobs.

66. Defendant's actions were willful.

67. Plaintiff is entitled to the difference in pay and for liquidated damages.

## FOURTH CAUSE OF ACTION: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

68. Plaintiff hereby adopts and incorporates the Statement of Facts as if set forth herein.

69. The Age Discrimination in Employment Act ("ADEA") forbids age discrimination against people who are age 40 or over.

70. Defendant is an employer within the meaning of the ADEA.

71. Plaintiff was treated differently because of her age in that she was paid less than younger employees performing comparable duties and treated differently than other younger employees by allowing the younger employees to attend Board functions and receive additional training not offered to the Plaintiff.

72. As a result of the willful conduct of Defendant, Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of his peace of mind as a result of Defendant's unlawful conduct, a reaction that any reasonable person would have under like circumstances and has suffered adverse employment action.

73. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against the Defendant for its wrongful conduct.

### PRAYER FOR RELIEF

Plaintiff Michell J. Eischen respectfully requests this Court to enter judgment in her favor and against the Defendant Community National Bank of Okarche for violation of the Oklahoma Anti-Discrimination Act, Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act of 1963 and the Age Discrimination of Employment for its actions in discriminating against

7

Plaintiff based upon her gender and age and retaliating against her when she complained about discrimination, and for paying Plaintiff less than a similarly-situated male employee. Plaintiff asks for compensatory and punitive damages, as allowed by law, and award her attorneys fees and costs incurred in the prosecution of this action. Plaintiff further requests any and all other relief that the Court deems just and equitable.

Respectfully submitted,

*Patricia A. Podolec*

Patricia A. Podolec, OBA # 21325
Patricia A. Podolec, Attorney at Law
10601 S. Western, Suite 119
Oklahoma City, OK. 73170
Phone: 405-703-4431
Cell:   405-760-3358
Fax:   405-400-8784
ppodolec@podoleclaw.com